Vittitow *v.* Burnett.

## Opinion delivered March 30, 1914.

1. Judgment—conclusiveness.—A judgment of a court of competent jurisdiction upon a question directly involved in the suit, is conclusive as to that question in another suit between the same parties. (Page 280.)

2. Judgment—conclusiveness—ejectment.—A judgment rendered in favor of the plaintiff in an action in ejectment conclusively established plaintiff's right of possession to the land in controversy, and in a second action between the same parties, plaintiff will not be required to show his title by the introduction in evidence of the patent from the United States. (Page 280.)

3. Attorney and client—privileged communication.—The statute rendering an attorney incompetent to testify concerning communications made to him by his client tends to prevent a full disclosure of the truth, and it should be strictly construed and limited to cases falling within the principle upon which it is based. (Page 280.)

4. Attorney and client—privileged communications.—There is no privilege as to statements by a client to his attorney for communication to a third party. (Page 281.)

5. Adverse possession—hostile possession—admission of title.— Where a party admits title to land to be in another, his possession thereof is not hostile to the true owner, so as to give him title by adverse possession. (Page 281.)

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

*W. N. Carpenter* and *Manning, Emerson & Morris,* for appellant.

1. Where a party has had a verdict instructed against him, on appeal the evidence should be given its *strongest probative force in his favor.* 95 Ark. 560.

2. The testimony of W. N. Carpenter, attorney for appellant, was improperly admitted. Kirby's Digest, § 3095.

3. In ejectment, plaintiff must recover upon the strength of his own title. 92 Ark. 84; 80 *Id.* 31. No patent was shown from the United States.

4. Appellee showed title by adverse possession. 98 Ark. 30; 49 *Id.* 266.

*Rasco & Botts,* for appellee.

1. Questions and objections not raised below will not be considered here. 59 Ark. 215; 61 *Id.* 515; 62 *Id.* 543; 70 *Id.* 197.

2. The letter from Carpenter was not a confidential communication. 40 Cyc. 2363, 2375, 2377.

3. Appellant's possession was not adverse. 34 Ark. 547; 3 Am. Dec. 227; 68 Ark. 551; 81 *Id.* 258; 1 Cyc. 992-997-8. Appellant admitted appellee's title within the statutory period. 80 Ark. 444; 26 Am. Dec. 95; 96 *Id.* 456; 1 Cyc. 1034; 27 Ark. 92; 30 Am. Dec. 218.

4. A verdict was properly directed for appellee. 105 Ark. 526; 91 *Id.* 340; 97 *Id.* 442; 103 *Id.* 401; 57 *Id.* 461.

HART, J. On the 8th day of October, 1910, L. W. Burnett instituted an action of ejectment against C. P. Vittitow to recover the possession of a certain tract of land in Arkansas County, in the State of Arkansas. The evidence adduced in favor of the plaintiff, L. W. Burnett, is substantially as follows:

On the 14th day of October, 1902, L. W. Burnett recovered judgment in an action in ejectment against C. P. Vittitow for the land in controversy. Since the recovery of that judgment up to the time of the institution of this suit, Burnett has paid the taxes on said land for every year except 1909. Burnett is a nonresident of the State of Arkansas, and he sent to the sheriff of Arkansas County the taxes on said land for the year 1909, and the sheriff returned it to him with the information that C. P. Vittitow had paid the taxes. Burnett received from C. P. Vittitow the following letter:

"DeWitt, Ark., December 29, 1908.
"Mr. L. Burnett, Coalburg, Ohio.

"Dear Sir: You have an eighty acres of land here, and it is nothing, but very little, to any one else except myself, as I own land all around it, and it is very slashy. I don't suppose that you ever saw it, so you know nothing about it. I would like to buy it, if you will price it to

me for what it is worth. I would like for you to give me
your lowest price on it for the cash down. Please let me
hear from you at once.

"Respectfully,
"C. P. Vittitow.

"P. S.—Such land is selling here from $4 to $8
per acre."

Subsequently, Vittitow employed W. N. Carpenter,
an attorney for the purpose of obtaining whatever title
Burnett had to the land, and requested him to write to
Burnett for that purpose. Pursuant to this direction,
Carpenter wrote to Burnett, and that part of the letter
which is material to the issue raised by this appeal is as
follows:

"May 12, 1909.

"Mr. L. W. Burnett, Coalburg, Ohio.

"Dear Sir: I have a client, Mr. C. P. Vittitow, who
desires to buy the southwest quarter, section 13, township
5 south, range 2 west, owned by you. Mr. Vittitow is
willing to pay $800 cash money for this land. He will
pay no more. This is his price. Mr. Lewis has written
to you regarding this, and you failed to answer him. We
presume you forwarded his letter to Mr. J. W. Allen of
this place. Mr. Allen is asking Mr. Vittitow $1,600 for
the land. Offering to take $800 cash and give him all the
time he wants on the rest. Now, we do not want time; it
is the land we want at a reasonable market price.

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

"Yours truly,
"W. N. Carpenter."

C. P. Vittitow, the defendant, testified in his own
behalf substantially as follows:

For a short time after Burnett recovered judgment
against me for the land in controversy in the suit decided
in 1902, I did not keep the fences up, and they ran down.
Shortly after that suit I fixed the fences up again, and
have been in continuous possession of the land since that
time, and have claimed it as my own.

Other evidence was introduced on behalf of the defendant tending to show that he had been in possession of the land since a short time after the suit above referred to was decided against him in 1902.

At the conclusion of the evidence, the court directed the jury to return a verdict in favor of the plaintiff, Burnett, and the defendant, Vittitow, has appealed.

Counsel for defendant say that the plaintiff, in his complaint, stated that there was a patent to the land from the United States Government, and that in the proof introduced at the trial it is not shown that the title to the land had ever passed from the United States Government. Therefore, they contend that, in the application of the well settled rule in this State that a plaintiff in ejectment must rely upon his own title, plaintiff was not entitled to recover in this case.

It is the well settled law in this State that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. In 1902 there was pending in the circuit court an action of ejectment by the plaintiff in this case against the defendant to recover the same land. The plaintiff recovered judgment on October 14, 1902, and the judgment in that case established a possessory right at law in the plaintiff to the land, and is conclusive of that issue. *Dawson v. Parham,* 55 Ark. 286. See, also, *Morgan v. Kendrick,* 91 Ark. 394, and cases cited. It follows that the judgment rendered in favor of plaintiff against defendant in 1902 conclusively established plaintiff's right of possession to the land in controversy, and it was not necessary to introduce the patent from the United States Government.

Section 3095 of Kirby's Digest provides that an attorney shall be incompetent to testify concerning any communication made to him by his client in that relation, or his advice thereon, without the client's consent. Therefore, counsel for defendant contend that the court erred in permitting the letter written by W. N. Carpenter, the

attorney of the defendant, to the plaintiff, to be read to the jury.

The object of the rule is to secure freedom in communication between attorney and client in order that the former may act with full understanding of the matters in which he is employed; but, as the rule tends to prevent a full disclosure of the truth, it should be strictly construed and limited to cases falling within the principle on which it is based. 40 Cyc. 2361, 2362. There is no privilege as to statements by a client to his attorney for communication to a third person. 40 Cyc. 2375. Vittitow employed Carpenter to assist him in purchasing the land from Burnett, and directed him to write to Burnett, making him an offer for the land. It was intended that the matters embraced in the letter written by Carpenter to Burnett should be communicated to the latter, and it was necessary that it should be communicated to Burnett in order to be acted upon. Therefore, the letter falls within the rule that communications made to an attorney by a client and intended by the latter to be imparted to a third party for the benefit of the client do not come within the rule laid down in the statute.

The letter written by the defendant to the plaintiff, dated December 29, 1908, and the letter written by Carpenter to the plaintiff, dated May 12, 1909, both acknowledged that the plaintiff was at that time the owner of the land. The defendant's own letter, in direct and positive terms, recognizes that Burnett was the owner of the land at the time it was written; likewise the letter written by Carpenter, under the authority and direction of the defendant, recognizes Burnett as the owner of the land at the date it was written. Both of these letters were written within seven years after the defendant now claims he entered into adverse possession of the land. Having recognized that the plaintiff was the owner of the land before the seven years expired, it necessarily follows that defendant has not had seven years' continuous and hostile possession of the land, and did not acquire a title thereto by adverse possession. He could not write to

the plaintiff and acknowledge to him that he, the plaintiff, was the owner of the land, and at the same time be in adverse possession of it. His recognition of the plaintiff's title within the period of seven years conclusively established that he had not acquired a title thereto by adverse possession, and the court was right in instructing the jury to bring in a verdict for the plaintiff.