BROOKFIELD *v.* JONESBORO TRUST COMPANY.

Opinion delivered November 12, 1917.

RES ADJUDICATA—CLAIM FOR PRELIMINARY EXPENSES AGAINST IM-
PROVEMENT DISTRICT—FINAL ADJUDICATION OF CLAIM—REMEDY OF
CLAIMANT.—The original proceeding looking to the organization
of an improvement district was dismissed for want of jurisdic-
tion, but no order was entered of record. The engineer (appel-
lant) of the district sought to recover his fees for preliminary
work, and moved to redocket the original case for this purpose
and to *nunc pro tunc* the original decree dismissing the proceed-
ings; the court entered the original decree now for then, but
denied appellant the relief sought. *Held*, it was appellant's duty
to appeal from this order, which was a final adjudication of his
claim, and that a separate suit would be defeated by a plea of *res
adjudicata.*

Appeal from Craighead Circuit Court, Jonesboro
District; *R. H. Dudley,* Judge; affirmed.

*H. M. Mays* and *J. C. Brookfield,* for appellant.

1. The plea of *res adjudicata* does not apply, be-
cause appellant was never a party to the issue herein.
The judgment was not final as to him. 113 Ark. 196;
116 *Id.* 416; 119 *Id.* 315.

2. The sureties in the bond are liable for the costs
and expenses of the survey. 106 Ark. 296; 119 *Id.* 20;
Act 229, Acts 1911; 122 Ark. 14; 123 *Id.* 246; 122 *Id.* 491;
115 *Id.* 427.

*Baker & Sloan,* for appellees.

1. The court dismissed the cause for want of juris-
diction. Appellant was a party but failed to appeal. The
matter is *res adjudicata.* The court has no jurisdiction

and could not adjudicate costs and expenses. 1 Ark. 55, 58; 21 *Id*. 264-7; 24 *Id*. 177, 182; 85 *Id*. 213.

2. There was no adjudication of costs or fees at the time the case was dismissed.

This is a new and original suit for fees never adjudicated. The only evidence that could be heard was the record of the former proceedings. No extraneous or oral testimony could be offered or heard, for the value of his services must have been determined in the original action. 52 Ark. 103, 106.

3. The circuit court passed upon and dismissed the claim of appellant on September 25, 1915 and this precluded him, because it became *res adjudicata* on his failure to appeal.

If the court was without jurisdiction, Brookfield was never in law appointed engineer; if there was jurisdiction the court acted in the exercise of that power in dismissing his claim.

HUMPHREYS, J. Appellant, who is a civil engineer, brought suit in the circuit court for the Jonesboro District of Craighead County against appellees on a bond to recover a fee of $5,000 for making a survey preliminary to the attempted organization of Big Creek Drainage District in Craighead County.

Appellees denied liability upon the bond and pleaded *res adjudicata.*

The cause was heard upon the complaint, answer, the original petition filed in the matter of the attempted formation of Big Creek Drainage District, and all the orders and judgments of the circuit court rendered in connection with said district. The complaint was dismissed and the cause is here on appeal.

Big Creek Drainage District was attempted to be organized by appellees under Act 279 of the General Assembly of the State of Arkansas for the year 1909, as amended by Act No. 221 of the public acts of 1911. All the necessary steps preliminary to the organization of said district, as provided by said act, were complied

with.  In the course of the proceedings, the required statutory bond was filed by these appellees.  Appellant was duly appointed engineer to make the preliminary survey and signed and filed his report in the manner provided by law.  Upon hearing, the cause was dismissed for the want of jurisdiction, on the 1st day of July, 1912.  This order was not entered.  Appellant filed a motion to reinstate the cause for the purpose of adjudicating the costs of the preliminary survey.  He also moved for a *nunc pro tunc* order to enter the judgment rendered by the court dismissing the cause for the want of jurisdiction.  The above motions were presented to the court for consideration on September 25, 1915, and the following judgment was rendered on that date:

"It is therefore by the court considered, ordered and adjudged that this cause be dismissed for want of jurisdiction, and that as this order was made and rendered on the 1st day of July, 1912, that same be entered now for then, and the motion to reinstate and tax costs to pay the engineer's claim for fees is on that account denied and dismissed."

The bond executed by appellees was a statutory bond conditioned for the payment of the costs and expenses of the survey in the event the proposed district should not be established.

This court has held that it was proper to present the claim for the costs and expenses of a preliminary survey in the original proceeding for the formation of the district.  *Burton* v. *Chicago Mill & Lumber Co.,* 106 Ark. 296.

Appellant filed a motion to redocket the original case for this purpose and to *nunc pro tunc* the original decree dismissing the proceeding for the want of jurisdiction.  The court entered the original decree now for then and for the reason that the original proceeding was dismissed for the want of jurisdiction the court denied and dismissed the motion to reinstate and tax costs to pay the original claim for fees. It was appellant's duty

to appeal from this order for it was a final adjudication of his claim.

The plea of *res adjudicata* to the action of appellant was a good and sufficient defense.

The judgment is affirmed.