## BLACK v. LENDERMAN.

### Opinion delivered January 15, 1923.

1. JUDGMENT—RES JUDICATA.—Where the father of three children brought suit in name of the State for the benefit of himself and the children to compel the directors of a school district to permit his children to attend the school provided by the district for white children, a decree denying relief upon the ground that the children were properly excluded on the ground that they had a trace of negro blood was a bar to a subsequent action in equity by the children against the school directors to restrain the latter from denying such privilege to them; the issues and the parties being practically the same.

2. SCHOOLS AND SCHOOL DISTRICTS—RIGHT OF COLORED CHILDREN TO ATTEND WHITE SCHOOL.—Under Crawford & Moses' Dig., § 8915, requiring that separate schools be maintained for white and colored children, colored children are not entitled to attend a school for white children, though it is the only school maintained in the district.

Appeal from Montgomery Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*R. G. Davies,* for appellant.

McCulloch, C. J. Appellants, Black and his children of school age within the statutes of the State, instituted this action in the chancery court of Montgomery County against the directors of the school district in which they resided, to restrain the directors from denying them the privilege of attending the only school maintained in the district, being a school maintained for white children. The children were denied the privilege of attending the school on the ground that they are not of the white or Caucasian race; that they have a trace of negro blood, and are "colored children" within the meaning of the statute. Appellants claim, and allege in their complaint, that the children are of the white race, with a trace of Cherokee Indian blood.

Appellees put in a plea of *res judicata* on the ground that, in an action instituted by appellants in the circuit court of Montgomery County against the school district of which appellees are directors, to compel the district, by mandamus, to receive the children into the school, the circuit court rendered a decision against them and that the judgment of the circuit court was affirmed by this court. *State v. School District No. 16*, 154 Ark. 176. The chancery court sustained the plea, and rendered a decree dismissing the complaint, from which decree an appeal has been prosecuted to this court.

Appellants now present a motion for a temporary injunction, and it is submitted upon the motion and briefs upon the merits of the case.

Since the only issue in the case necessarily arises on the motion for a temporary injunction, it is deemed expedient to decide it now in passing on the motion.

We are of the opinion that the only issue in the case was decided adversely to appellants in the mandamus case, and that the former adjudication is a bar to any further litigation on that issue. The parties are the same in each case, except that in the former case the suit was instituted against the district itself in the name

of the State on the relation of appellants, whereas the present case was instituted by appellants in their own name against the directors of the district. But in each case the issue was practically the same, and the parties were really the same. The court decided in the former case that there was substantial evidence to sustain the action of the directors in refusing the admittance of these children into the school for white children, on the ground that they had a trace of negro blood in their veins, and that the action of the directors should not be controlled by the court.

Conceding that a suit in chancery would have been an appropriate remedy, in the first instance, to secure the relief sought, it is too late, after having the same relief denied in the other action, to resort to this remedy. An adverse adjudication of the same asserted right in either form of action bars any further action to secure the same right.

It is argued that appellants, whether of the white or negro race, have the right to attend the only school in the district, even though it is maintained for white children, but this argument is unsound. It is the policy in this State, expressly declared by statute, that separate schools be maintained for white and colored children. Crawford & Moses' Digest, § 8915. There is no effort in this case to compel the directors to establish another school to accommodate these children, but the effort is to compel the directors to receive these children into the school for white children. If, as determined by the directors upon sufficient evidence, these children are not of the white race, they are not entitled to attend the school for white children, and the court decided in the other case that there was substantial evidence to sustain the finding of the directors.

The temporary injunction is therefore denied, and the decree of the chancery court is affirmed.

HART, J., dissents on the ground that the former decision was erroneous.