## PARKER v. WILLIAMS.

Opinion delivered January 24, 1927.

JUDGMENT—RES JUDICATA.—Where heirs did not perfect an appeal from a judgment of the circuit court reversing the judgment of the probate court requiring an executrix to make an inventory and file accounts in a proceeding instituted by them, they cannot relitigate the same question in a subsequent proceeding instituted by the probate clerk to which the heirs became parties on their own motion.

Appeal from Logan Circuit Court, Southern District; *James Cochran,* Judge; affirmed.

STATEMENT BY THE COURT.

This appeal is prosecuted from the judgment of the circuit court of Logan County, reversing a judgment of the probate court requiring Mrs. Georgia R. Williams, executrix, to file an inventory of the estate of M. A. Williams, deceased, and a settlement showing the disposition.

It appears that appellee's husband, the deceased, made a will disposing of all of his property, real and personal, to her, appointing her executrix thereof. She procured letters from the probate court of Logan County, but never filed any inventory of the estate nor settlements as executrix. No debts were probated against the estate. On petition of some of the collateral heirs of her husband, the appellants herein, stating that she had only a life interest in the property, under the terms of the will, and had not filed an inventory or any statement as executrix, she was cited to appear and show cause why she should not be required to do so. She responded, stating that these heirs had no interest whatever in the estate, which all belonged to her under the terms of the will, setting it out, and that, under its terms, she was not required to file an inventory or make a settlement; and stating also that all debts of the estate and expenses incident to its administration had been paid by her.

The court, after the hearing, then made an order requiring her to file an inventory and account, from which she appealed to the circuit court, and, upon a hearing

there, agreed to the statement of facts in the court below being also presented; and the court held that the petitioners, the heirs of M. A. Williams, Sr., deceased, had no such interest, at the present, in the personal property of said estate as will permit them to call on said executrix to file an inventory of the personal property of same, or make settlement of her affairs as such executrix; that the petitioners and other heirs of M. A. Williams, Sr., would probably be entitled to any portion of personal property, if any, of the estate remaining at the death of the executrix, "but that they cannot require, and the court will not require, the said executrix to file an inventory of the property of said estate, or to file a settlement of the affairs thereof," and adjudged the said executrix would not be required to file such inventory or make settlement.

The heirs filed a motion for new trial, which, being overruled, they prayed and were granted an appeal to the Supreme Court, which, however, was not perfected. A *nunc pro tunc* order was later entered to the judgment as follows: "The court does not decide the question as to the title of the personal property after the death of the respondent, Georgia Ann R. Williams, nor to whom said personal property will go by virtue of said will, or by inheritance, that question not being passed upon or being decided by the court."

On March 4, 1925, a citation was issued against the executrix, requiring her to present an account for settlement at the next term of court and show cause why an attachment should not be issued for not having presented her accounts according to law. Citation was served, and the court by order approved it on March 7, 1925. Mrs. Williams filed response thereto, reciting that she had been cited by the probate court before to appear and make settlement, and had been ordered to do so, but had taken an appeal from such order to the circuit court, where the order of the probate court was reversed and judgment entered that she was not required to make such inventory and settlement; that a motion for new trial was filed and overruled, and the petitioners given time to pre-

pare the bill of exceptions, but that they failed to perfect the appeal to the Supreme Court, and she pleaded the judgment of the circuit court as final and *res judicata* of the question raised. This response was overruled by the probate court, which again entered an order requiring the executrix to make settlement, and adjudged her guilty of contempt and ordered an attachment requiring her to appear on the 11th day of May and file settlement as executrix and submit to examination with reference to accounts as such, and to show cause why she should not be punished for failure and refusal to file settlement as executrix, as required by law and the citation and orders of this court.

The appellant was present in court in person and by counsel, and, in response to this order directing her to appear and file settlement, stated: ''That all of the personal property belonging to said estate, under the terms of said will, became the property of this respondent, and that she has paid all the debts and obligations of said estate.'' That at a previous term of the court citation was issued directing her to file settlement as executrix, and, upon the issues raised and the citation and petition therefor in response, copies of which were attached, a judgment was rendered by the court ordering and directing her to file a settlement of said estate; that, upon appeal therefrom to the circuit court, the judgment of the probate court was reversed, and the circuit court adjudged that she was not required to file a statement of said estate. A copy of this judgment was also attached. Respondents allege that all the matters and things involved in this proceeding are *res judicata,* the issues being the same as in the former proceeding, all having been determined by the judgment of the circuit court between the same parties hereto; that the said judgment had not been appealed from, and was still in full force and effect. This response was overruled by the probate court, which again directed the executrix to file settlement, and from the order she appealed to the circuit court, where, upon the hearing, the court held that the matter was *res*

*judicata,* having been determined by it in the former decision, further found that the will did not require the executrix to file an inventory or settlement, and adjudged that she be not required to file an inventory or settlement.

The probate court was denied authority to require her to do so, and no other question was decided. . Then appellants, the same persons who were parties to the first proceeding for a citation, applied to be made parties and allowed to file a motion for new trial and prosecute an appeal to the Supreme Court from the order and judgment of the circuit court, which application was granted, and, the motion being overruled, this appeal is prosecuted therefrom.

*Evans & Evans,* for appellant.

*Hill & Fitzhugh* and *Kincannon & Kincannon,* for appellee.

KIRBY, J., (after stating the facts). It is contended by appellant that the court erred in allowing the plea of *res judicata* to be made and in deciding that the matters in controversy had been fully adjudicated. The law requires executors or administrators of estates, immediately after receiving their letters, to collect and take into possession the property, goods and chattels of the testator or intestate, make a true and perfect inventory thereof, and file additional inventories of any other personal property discovered after the first inventory is made, and to make annual accounts current to the probate court showing the administration of the estate.

This executrix was cited to appear, upon the petition of the heirs of her deceased husband, and make an inventory of the estate, it being alleged that she only had a life estate in the property, and also that she be required to file her account showing the disposition of the property. In her response she claimed to own the property, under the terms of the will, setting out a copy thereof, and alleged that said heirs had no interest in it, and that she was not required to make either an inventory or accounts current showing the disposition of it.

. The probate court held otherwise, but, on appeal, the circuit court reversed the order of the probate court and held that she was not required to file such inventory or accounts under the law and the terms of the will. The heirs prayed an appeal from this judgment, claimed to be erroneous, but it was never perfected.

This proceeding was begun by the citation issued by the clerk of the probate court on his own motion, and afterwards approved by order of the court, to require the executrix to make an inventory of the property of the estate coming into her hands and file accounts current showing the administration of it. The executrix denied that she was required, under the law or the terms of the will, to make such inventory or account for the property, since all the debts against the estate had been paid by her, and since she was entitled to the estate under the terms of the will, which made no provision requiring the filing of inventory or account, and also pleaded *res judicata,* alleging the question had been determined and concluded by the above mentioned judgment of the circuit court, from which no appeal had been taken, reversing the order and judgment of the probate court requiring the filing of such inventory and account.

The plea was not sustained, and the order requiring the filing of the inventory and account was appealed from to the circuit court, where the plea of *res judicata* was again made and sustained on the trial. Whereupon some of the heirs of M. A. Williams, the deceased, the same persons who had instituted the first proceeding to compel the making of an inventory and filing accounts by the executrix, were made parties, upon their own application, and permitted to file a motion for new trial and appeal from the judgment of the circuit court, upon its being overruled.

It can make no difference, in legal effect, that these parties, who began the first proceeding and failed to take an appeal from the judgment of the circuit court against them, did not initiate this proceeding for the same purpose as the first was commenced, since they were, on their

own motion, made parties to it in the circuit court and permitted to appeal from the judgment adverse to their interests. They thereby adopted it as fully, and are bound as conclusively, by the judgment of that court as though they had begun the proceeding in the first instance. Their motion for a new trial discloses that the parties to both proceedings are the same, and they were not entitled to become parties to the suit, save to protect their rights by appealing from a judgment adverse to their interest and refusing to compel the executrix to file an inventory and account of the estate on which they claim an interest. No error was committed in sustaining the plea of *res judicata,* the issue being practically the same and the parties really the same in both cases. *Davies & Davies* v. *Patterson,* 137 Ark. 184, 208 S. W. 592; *Butts* v. *Butts,* 152 Ark. 399, 238 S. W. 600; *Williams* v. *M. D. & G. R. Co.,* 133 Ark. 188, 202 S. W. 228; *Brookfield* v. *Jonesboro Trust Company,* 131 Ark. 356, 198 S. W. 697; *Black* v. *Lenderman,* 156 Ark. 476, 246 S. W. 876; *Coleman* v. *Mitchell, ante* p. 619.

It is not necessary to undertake to construe the will under which the executrix is acting, which has already been passed upon in *Williams* v. *Williams,* 167 Ark. 348, 268 S. W. 364. Nor do we determine what the rights of any of the parties may be upon termination of the estate bequeathed by its terms to the widow of the testator, the executrix herein. We find no error in the record, and the judgment is affirmed.