Ray SCOTT, Director, Arkansas Department of Human Services, et al. *v.* Griffin SMITH, Jr.

86-249                                                      728 S.W.2d 515

Supreme Court of Arkansas
Opinion delivered May 11, 1987

*Debby Thetford Nye*, for appellants.

*John J. Watkins*, for appellee; *Smith, Smith & Duke*, Of Counsel.

ROBERT H. DUDLEY, Justice. The appellee, Griffin Smith, Jr., sought to inspect and copy documents maintained by the appellant, a state agency which is subject to the Freedom of Information Act, Ark. Stat. Ann. §§ 12-2801 to -2807 (Repl. 1979 and Supp. 1985). Appellee was allowed to inspect most of the documents, but was not allowed to inspect the agency's documents which were in the files of the agency's deputy general counsel or the documents which the agency had given to an assistant attorney general. Appellee filed suit over the failure to disclose the requested records. A part of the trial court's ruling was that a letter, a memorandum, and trial notes prepared by the assistant attorney general were exempt from disclosure because they were "unpublished memorandum, working papers and correspondence of the Attorney General" within the meaning of Ark. Stat. Ann. § 12-2804. There is no appeal from that part of the order. The trial court further held that the agency's records which were in the possession of its deputy general counsel and the assistant attorney general were subject to public disclosure. In the sole assignment of error the appellant agency argues that the trial court erred in holding that the Freedom of Information Act applies to the litigation files maintained by attorneys representing a state agency. The assignment of error is without merit.

The appellant agency's argument is grounded in the contention that the attorney-client privilege, as set out in A.R.E. Rule 502 and ARCP Rule 26 (b)(3), provides an exception to the Freedom of Information Act. We first addressed the question of whether the attorney-client privilege should provide such an exception in *Laman* v. *McCord*, 245 Ark. 401, 432 S.W.2d 753 (1968). There, we held that the Freedom of Information Act

should be broadly construed in favor of disclosure, and that under the evidence statutes then in effect, there should be no exception for the attorney-client privilege. We do not find any changes in the present rules which provide a specific exception as required by Ark. Stat. Ann. § 12-2804 (1979) and *Laman.*

Unlike the Freedom of Information Act, the attorney-client privilege has been narrowly construed since it prevents the dissemination of truthful information. *Vittitow* v. *Burnett,* 112 Ark. 277, 165 S.W. 625 (1914). A.R.E. Rule 502 is an evidentiary rule limited to court proceedings in this state. A.R.E. Rule 101. ARCP Rule 26(b)(3) is a procedural rule limited to discovery. Neither Rule 502 nor ARCP Rule 26(b)(3) specifically provides that it should have application outside of these limited areas, and we have previously held that a statute dealing with admission of evidence and discovery should not create a specific exception to the Freedom of Information Act. *Baxter County Newspapers, Inc.* v. *Medical Staff of Baxter General Hospital,* 273 Ark. 511, 622 S.W.2d 495 (1981).

The agency argues that policy considerations favor reversal, but we have already addressed that issue. "Policy decisions such as that are peculiarly within the province of the legislative branch of the government. In this instance that branch has spoken so unequivocally that its command cannot be misunderstood. Our duty is simply to give effect to its mandate." *Laman* v. *McCord,* 245 Ark. at 406, 432 S.W.2d at 756. *Laman* has stood as our interpretation of the act on this subject for nineteen years, and through those years the General Assembly has not exercised its option to amend the act to create a specific exception for the attorney-client privilege. Accordingly, we affirm the decision of the trial court.

Affirmed.

NEWBERN, J., not participating.