The Honorable Jerry Jewell, Co-Chairman The Honorable Nap Murphy, Co-Chairman Joint Interim Committee on Agriculture and Economic Development State Capitol, Rm. 315 Little Rock, Arkansas 72201
Dear Senator Jewell and Representative Murphy:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. 25-19-101 et seq. You have asked two specific questions, both of which inquire as to the impact of Act 8 of the Third Extraordinary Session of 1989 on the ability of the Joint Interim Committee on Agriculture and economic Development ("Committee") to review records of the Arkansas Industrial Development Commission ("AIDC")[1]
First, you have asked what effect Act 8 will have on the ability of the Committee to subpoena AIDC records. As you are aware, this office has previously concluded (Opinion No. 89-330) that the legislature has the power to subpoena records that are exempt from public disclosure under the FOIA. I do not believe that the amendment contained in Act 8 compels a different conclusion in this regard. The Committee's authority to subpoena AIDC records remains, in my opinion, intact.
You have also asked whether the records, which are otherwise exempt from disclosure when in the possession of the AIDC, become public information when in the possession of the Committee. While the answer to this question is by no means clear, it is my opinion that all records kept by the Committee are open to inspection and copying, including those subpoenaed from the AIDC. Section25-19-105(a) states that "[e]xcept as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying." (Emphasis added). "Public records" means ". . . data compilations in any form, required by law to be kept or otherwise kept. . . ." A.C.A. 25-19-103(1). All records "maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records." Id.
The specific lifting of the FOIA disclosure requirement found in Act 8 is limited to records maintained by the [AIDC] related to any business entity's planning, site location, expansion, operations, or product development/marketing. . . ." Acts 1989 (3rd Ex. Sess.), No. 8, 1. While there is room for considerable doubt as to what was intended under the wording of 25-19-105(b) (9)(B) (as added by Act 8), it must be recognized that according to the Arkansas Supreme Court:
 . . . the objectives of the FOIA are such that whenever the legislature fails to specify that any records in the public domain are to be excluded from inspection, or is less than clear in its intendments, then privacy must yield to openness and secrecy to the public's right to know the status of its own affairs. We hold, therefore, that the burden of confidentiality rests on the legislation itself, and if the intention is doubtful, openness is the result.
Ragland v. Yeargan, 288 Ark. 81, 85-86, 702 S.W.2d 23 (1986).
It is unclear in this instance whether the exemption for "records maintained by the [AIDC]" is intended to exempt the records when maintained in other public offices or by other public employees. It may be contended that the records retain their status as "records maintained by the [AIDC]" when they fall into the hands of another public agency. It seems, however, that this would require a somewhat narrow construction of the FOIA, particularly in light of the fact that several other subsections of25-19-105(b) make no reference to records maintained by any particular agency. This narrow approach would be contrary to a line of Arkansas Supreme Court cases and authorities urging the contrary See Ragland v. Yeargan, 288 Ark. at 85.
The doubt must be resolved in favor of disclosure. Thus, if the Committee retains the records such that they fall into the category of "records maintained in public offices or by public employees . . ." (A.C.A. 25-19-103(1)), they will, in my opinion, become public information.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
Steve Clark Attorney General
[1] Act 8 amends the FOIA to exempt from disclosure under the FOIA "[r]ecords maintained by the [AIDC] related to any business entity's planning, site location, expansion, operations, or produce development/marketing", unless the business entity approves the release. Acts 1989 (3rd Ex. Sess.), No. 8, 1.
[2] It should be noted that I also believe that these records do not qualify for the "working papers" exemption contained in Section25-19-105(b)(7). The Supreme Court has stated clearly that a record must be created by the exempt agency in order to qualify for the protection afforded in this Section. See Legislative Joint Auditing Committee v. Woolsey [Woosley], 291 Ark. 89 (1987) and Scott v. Smith, 292 Ark. 174 (1987).