Leslie Carnine Superintendent of Schools Little Rock School District 810 West Markham Street Little Rock, AR 72201
Dear Superintendent Carnine:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the Little Rock School District for the following records:
(1) The personnel file of Mr. Kenneth Moore;
 (2) All writings which have been received regarding Mr. Kenneth Moore which are in the possession of either Dr. Hurley, Ms. Norman or the school district regarding Mr. Moore;
 (3) Any and all written documentation regarding Mr. Kenneth Moore's work performance in any capacity during the past three years;
 (4) The job description of all jobs which the District has provided to Mr. Kenneth Moore;
 (5) All notes made by any school administrator regarding Mr. Kenneth Moore which are retained by either of you or by anyone pursuant to your instructions or supervision;
 (6) All grievance procedures in place whereby administrative employees may grieve administrative directives or decisions as well as all policies and procedure which govern or regulate vice principals in the performance of their duties;
 (7) The personnel files of the vice principals in the District who have served in that capacity under Ms. Norman since she has been employed as a principal in the Little Rock School District.
You further indicate that the custodian of the records for the school district has determined that the requested records should not be released. This decision was based on a determination that: (1) some of the requested records are employee evaluation or job performance records; and (2) that the release of the personnel records would constitute a clearly unwarranted invasion of personal privacy. The decision concerning the release of the personnel records was based in part upon the fact that the request was made by an attorney who is engaged in litigation against the school district, and upon the belief that the provision of records to this attorney should be governed by the rules of discovery and administered by the court.
The Attorney General is directed by law to issue an opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
I must note initially that I have not been provided with copies of any of the requested records, nor have I been given any information concerning the employment status of the individuals whose records were requested. I therefore cannot opine conclusively concerning the release of the requested records. Nevertheless, I will set forth the applicable legal standards for the release of these types of records, upon the basis of which you can determine whether the custodian's decision is consistent with the FOIA.
Personnel Records
The custodian has correctly determined that any of the requested records that constitute "personnel records" will be governed by the "clearly unwarranted invasion of personal privacy" standard. More specifically, under the FOIA, "personnel records" must be released unless the release of such records would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10).
A threshold determination that must be made, therefore, is which of the records constitute "personnel records." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
If the records that have been requested of the school district are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of the individual's personal privacy.
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
I must note that the fact that a matter is in litigation, and that records pertaining to that matter can be obtained through the process of discovery does not impact upon the question of whether a "clearly unwarranted invasion of personal privacy" may occur, or whether the records should be released under the FOIA. The Arkansas Supreme Court has made clear that litigation records are "public records" within the meaning of the FOIA, and are thus subject to disclosure. See City OfFayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990); Scott v.Smith, 292 Ark. 174, 728 S.W.2d 515 (1987).
Employee Evaluation/Job Performance Records
Another threshold determination that must be made is whether any of the requested records constitute "employee evaluation or job performance records," within the meaning of the FOIA. Again, the FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. However, the Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See, e.g.,
Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
As previously stated, you indicate that the custodian of the records for the school district has determined that some of the records that have been requested of the school district constitute "employee evaluation/job performance records." However, you did not indicate the employment status of the individuals whose records were requested. This information is crucial to a determination of whether employee evaluation/job performance records are releasable.
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
If any of the requested records are, in fact, employee evaluations or job performance records, the above-stated three part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. If those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below, the requested records should be released.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins, cited previously, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
Job Descriptions, Grievance Procedures, and Other Policy Statements
Job descriptions, grievance procedures, and other statements of policy do not fall within any exemption to the FOIA and should be released.
Redaction
As a final matter, I must point out that prior to releasing any record, you should scrutinize that record for the purpose of identifying any information that might be subject to a special exemption from disclosure under the FOIA, such as social security numbers. Any such information that you identify should be redacted from these records prior to their release.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh