Ms. Bonnie S. Griffin, Executive Director Arkansas State Board of Architects Advisory Committee for Registration of Landscape Architects 1515 Building, Suite 512 Little Rock, AR 72201
Dear Ms. Griffin:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. 25-19-101—107 (1987 Cum. Supp. 1991). You state in your letter that to become a licensed landscape architect, an individual must pass the Landscape Architectural Registration Exam (LARE), and a registrant's test scores become a part of his permanent record maintained in the office of the Advisory Committee for Registration of Landscape Architects. I have paraphrased your specific question as follows:
 Do the FOIA inspection and copying provisions apply to the test scores maintained in the files of registrants, or are the scores exempt based on the fact that they are scholastic records?
It is my opinion that the FOIA inspection and copying provisions apply to test scores maintained in the files of landscape architect license registrants, as such scores fall within no exception to the FOIA, including that for scholastic records.
Section 25-19-105(a) states that:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
Section 25-19-103(1) defines a public record as:
 [W]ritings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
The FOIA thus presumes that all records maintained in public offices or by public employees within the scope of their employment are public records. As such, they are available for inspection and copying under the provisions of A.C.A. 25-19-105, unless an exemption applies to prevent their release. Arkansas Code Annotated 17-29-205(a)(6) (Repl. 1992) requires the Advisory Committee for Registration of Landscape Architects to keep a record of its proceedings and a register of all applications, which shall show the examination scores of registrants. Accordingly, it is my opinion that such a register of examination scores would be a record kept of "official functions" and "maintained in public offices or by public employees within the scope of their employment" (A.C.A. 25-19-103(1)), and thus falls within the provisions of the FOIA.
Section 25-19-105(b) states that:
 It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
(2) . . . scholastic records. . . .
The Arkansas Supreme Court has stated that any exemption from disclosure under the FOIA is to be narrowly construed. Legislative Joint Auditing Comm. v. Woosley, 291 Ark. 89,722 S.W.2d 581 (1987). When the scope of an exemption is unclear or ambiguous, the court interprets it in a manner that favors disclosure. Ragland v. Yeargan, 288 Ark. 81, 702 S.W.2d 23
(1986). In Ark. Gazette Co. v. Southern State College,273 Ark. 248, 620 S.W.2d 258 (1981), the Court discussed the scholastic records exemption, and stated that:
 Whether a statute should be construed narrowly or broadly depends upon the interests with which the statute deals . . . [and] statutes enacted for the public benefit are to be interpreted most favorably to the public . . . the Freedom of Information Act was passed wholly in the public interest and is to be liberally interpreted to the end that its praiseworthy purposes may be achieved. Accordingly, we interpret the language of this exception to be limited to individual education or academic records. . . .
[Citations omitted.]
The term "scholastic record" is not defined in the act and, while this office does not possess the authority to legislate a definition, the Arkansas Supreme Court has held that it is presumed that the legislature employed words in their usual and common meaning. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428
(1986); Simmons First National Bank v. Abbott, 288 Ark. 304,705 S.W.2d 3 (1986). Webster's New World Dictionary 1201 (3d college ed. 1988) defines the term "scholastic" as "of schools, colleges, universities, students, teachers, and studies; educational; academic." It is my opinion that a court might reasonably look to these definitions in construing the meaning of the term "scholastic record." Based on the commonly used definition of the term, it can thus be inferred that the legislative intent of the language employed in 25-19-105(b)(2) was to provide that only those records which are of an educational or academic nature are to be exempted under the scholastic records exemption. It is my opinion that records of the Advisory Committee for Registration of Landscape Architects, which is charged with the duties of registering applicants, conducting examinations for licensees, issuing licenses, and holding license revocation proceedings (see A.C.A. 17-29-205, -303, -305, -306, and -307) would not be deemed "scholastic records" such that they would fall within the25-19-105(b)(2) exemption. These licensing records would not appear to fall within the category of records which are of an educational or academic nature.
While none of the other exceptions under A.C.A. 25-19-105 appears to apply to the examination scores maintained in the Committee records, there remains the possibility for argument that the examination scores may be protected from public scrutiny based upon the registrant's constitutional right to nondisclosure by the government of private matters. Such a right was recognized by the United States Supreme Court in Whalen v. Roe, 429 U.S. 589
(1977), wherein the court noted that "cases sometimes characterized as protecting `privacy' have involved . . . the individual interest in avoiding disclosure of personal matters. . . ." 429 U.S. at 598-599. The privacy issue was addressed by the Arkansas Supreme Court in McCambridge v. City of Little Rock, 298 Ark. 219, 230-231, 766 S.W.2d 909 (1989), wherein the court approved the following test to determine whether an item of information involves matters that are "personal." First, the information must be such that the individual wants to and has kept private or confidential. Second, except for the challenged government action, the information can be kept private or confidential. And third, the information, to a reasonable person, would be harmful or embarrassing if disclosed. If a determination is made that the item does indeed involve personal matters, the final question is whether the governmental interest in disclosure under the Freedom of Information Act outweighs the individual's privacy interest in the nondisclosure of the personal matter.
Applying these principles to the examination scores maintained by the Committee in the files of registrants, it is my opinion that such scores would likely not come within the purview of a constitutionally protected right of privacy. Although the information may pass the first three prongs of the test, it is unlikely that the final determinative factor in the test would be overcome. That is, assuming that the examination scores were deemed to involve personal matters, a balancing of the governmental and private interests would likely still mandate their release. The public has a strong interest in knowing that those individuals licensed by the government as landscape architects have satisfactorily passed the required examinations and thus are adequately qualified to perform those functions for which they are licensed. Such a highly valued interest would likely outweigh an individual's interest in nondisclosure of intimate personal matters. The individual's right would likely "yield to the interest and right of the citizenry to know and understand how their government is being conducted." McCambridge, supra, 298 Ark. at 236.
As a final matter, it should be noted that although Rule 4.E of the Advisory Committee for Registration of Landscape Architects indicates that the committee is to report the candidates examination results on a pass/fail basis only, it is my opinion that this rule should not be read as an exception to the disclosure requirements of the FOIA, as administrative rules generally do not create exceptions to substantive acts. See Scott v. Smith, 292 Ark. 174, 728 S.W.2d 515 (1987).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh