ARKANSAS NEWSPAPER, INC., an Arkansas corporation, d/b/a COURIER DEMOCRAT, and Laura SHULL *v.* John S. PATTERSON, Circuit Judge

83-190                                                662 S.W.2d 826

Supreme Court of Arkansas
Opinion delivered January 16, 1984

*Alex G. Streett,* for petitioners.

*Steve Clark,* Atty. Gen., by: *Curtis L. Nebben,* Asst. Atty. Gen., for respondent.

ROBERT H. DUDLEY, Justice. A fifteen year old boy was charged with capital murder and, in the pretrial proceedings, the circuit judge closed two hearings and ordered a written motion sealed. The petitioners, the Courier Democrat of Russellville and Laura Shull, a newspaper publishing company and a newspaper reporter, contend that the closing of pretrial hearings is prohibited on account of Ark. Stat. Ann. § 22-109 (Repl. 1962), which provides: "The sitting of every court shall be public, and every person may freely attend the same." They ask this court to issue a writ of mandamus directing John S. Patterson, the judge, to cease excluding reporters from any part of criminal proceedings. We deny the writ. Jurisdiction is in this Court under Rule 29 (1)(f).

In *Arkansas Television Company* v. *Tedder, Judge,* 281 Ark. 152, 662 S.W.2d 174 (1983), we weighed the above quoted statute, the First Amendment and the Sixth Amendment, and held that pretrial hearings should be open to the public unless the proponent of closure demonstrates "a substantial probability that (1) irreparable damage to the defendant's fair trial right will result from an open hearing and (2) alternatives to closure will not adequately protect the right to a fair trial. Additionally, the trial court's findings must be articulated and sufficiently specific to demonstrate on review that these requirements have been satisfied." The reasoning and the holding of *Arkansas Television* are controlling in the case now before us. The pretrial hearings should not have been closed because the standard set out in *Arkansas Television* was not met.

Not specifically considered in *Arkansas Television,* but arising in this case, is the propriety of an order sealing a written pretrial motion. Petitioners contend that, pursuant to the Freedom of Information Act, Ark. Stat. Ann. §§ 12-2801—12-2807 (Repl. 1979), the motion, when filed, became

a part of the public records and public records must remain open for inspection and copying by any citizen. The argument is without merit. First, as a practical matter, it would be farcical to hold a closed hearing after the motion setting out the reasons for the closed hearing had been made public. Secondly, the Freedom of Information Act specifically provides that documents which are protected from disclosure by order or rule of court are not required to be open for inspection and copying. Ark. Stat. Ann. § 12-2804 (Repl. 1979). This provision avoids any conflict with the Sixth Amendment and prevents any entanglement in the separation of powers doctrine.

The general rule remains that pretrial proceedings and their record must be open to the public, including representatives of the news media, and before an exception to that general rule is made, the test set out in *Arkansas Television* must be met. If that standard is met and a pleading is ordered sealed, it must be opened to the public as soon as the probability of irreparable damage to the accused's right to a fair trial no longer exists. While the standard was not met in the case before us, the conclusion of the trial renders a writ of mandamus an ineffective remedy.

Writ is denied.

Justice Purtle dissents for the same reasons set out in his dissenting opinion in *Arkansas Television Company and Beasley v. Tedder, Judge,* 281 Ark. 152, 662 S.W.2d 174 (1983).