ARKANSAS HIGHWAY AND TRANSPORTATION DEPARTMENT, et al. *v.* HOPE BRICK WORKS, INC.

87-263                                        744 S.W.2d 711

Supreme Court of Arkansas
Opinion delivered February 16, 1988

*Thomas B. Keys, Charles Johnson,* and *Ted Goodloe,* for the appellants.

*Zachary D. Wilson,* for the appellee.

JOHN I. PURTLE, Justice. On June 19, 1987, the Pulaski Circuit Court issued an order directing the appellants to reveal certain information to appellees, Hope Brick Works, Inc., under the Freedom of Information Act. The appellants argue seven points for reversal: (1) the appellee's demand for the Highway

Department's appraisals abuses the intent of the Freedom of Information Act; (2) the Highway Department's real estate appraisals are protected by rule of the court; (3) the working papers, correspondence, and unpublished memoranda of state attorneys are exempt from disclosure under the Freedom of Information Act; (4) under the attorney-client privilege the Highway Department's appraisals are exempt from disclosure; (5) Hope Brick Works, Inc., is not a "citizen" within the meaning of the Freedom of Information Act; (6) the release of the Highway Department's appraisals to Hope Brick Works, Inc., will give a department's competitor an unfair advantage; and (7) the Arkansas Freedom of Information Act is in violation of the privileges and immunities clause. We find none of the appellants' arguments to be persuasive and affirm the order of the trial court directing the appellants to make this information available to the appellee.

The facts in this case reveal that the Highway Department was in the process of relocating a highway and needed land owned by the appellee. Prior to the condemnation suit being filed, the appellee requested copies of all opinions of qualified real estate appraisers that formed the basis for the Highway Department's offer to purchase the appellee's land. The Highway Department responded by enclosing two sheets from two separate appraisals which disclosed monetary breakdowns for the estimated amounts of compensation they were willing to offer for the appellee's property. However, the department refused to submit the underlying documents—the comparable sales, interviews with landowners, and appraisers' notes—contending that these documents were not subject to disclosure under the Freedom of Information Act. The appellee then filed this suit which resulted in the order directing the Highway Department to reveal the information.

The controlling statutes in this case are Ark. Code Ann. §§ 25-19-101 *et seq.* (1987). The information in this case was sought by the appellees pursuant to § 25-19-105(a) which requires that "all public records shall be open to inspection and copying by any citizen of the state of Arkansas during the regular business hours of the custodian of the records." Pursuant to Ark. Code Ann. § 25-19-103(1), "all records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records."

Appellants' first argument for reversal is that the appellee's demand for the Highway Department's appraisals is an abuse of the intent of the Freedom of Information Act. Ark. Code Ann. § 25-19-102 (1987) declares the intent of the Act as follows:

> It is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy. Toward this end, this chapter is adopted, making it possible for them, or their representatives to learn and report fully the activities of their public officials.

We spoke to the same issue in *Ragland* v. *Yeargan*, 288 Ark. 81, 702 S.W.2d 23 (1986), when we stated:

> We conclude that the objectives of the FOIA are such that whenever the legislature fails to specify that any records in public domain are to be excluded from inspection, or is less than clear in its intendments, then privacy must yield to openness and secrecy to the public's right to know the status of its own affairs. We hold, therefore, that the burden of confidentiality rests on the legislation itself, and if the intention is doubtful, openness is the result.

The ten legislative exceptions to the disclosure requirements of the Freedom of Information Act are listed in Ark. Code Ann. § 25-19-105 (1987) as follows:

> (1) State income tax returns;
>
> (2) Medical, scholastic, and adoption records;
>
> (3) The site files and records maintained by the Arkansas Historic Preservation Program and the Arkansas Archeological Survey;
>
> (4) Grand jury minutes;
>
> (5) Unpublished drafts of judicial or quasi-judicial opinions and decisions;
>
> (6) Undisclosed investigations by law enforcement agencies of suspected criminal activity;

(7) Unpublished memoranda, working papers, and correspondence of the Governor, legislators, Supreme Court Justices, and the Attorney General;

(8) Documents which are protected from disclosure by order or rule of court;

(9) Files which, if disclosed, would give advantage to competitors or bidders; and

(10) Other similar records which by law are required to be closed to the public.

■ Reading the intent as stated by the legislature, considering our declarations in *Ragland*, and noting that the Act's exceptions do not include the information requested, we are of the opinion that the order directing disclosure was not contrary to the intent of the Act.

■ The second argument is that the information was protected by rule of the court as set forth by the eighth exception above. The type of protection offered by this exception is represented in the case of *Arkansas Newspapers, Inc.* v. *Patterson*, 281 Ark. 213, 662 S.W.2d 826 (1984), where we discussed the trial court ordering a written pretrial motion sealed as well as closing pretrial hearing to the public. There was no similar order or rule of the court existing in this case. Therefore, we do not find the disclosures requested in this case were protected by this exception to the disclosure statute.

The third argument presented by the appellant is that the real estate appraisals amounted to working papers, correspondence, and unpublished memoranda of the Attorney General. This argument is answered by our opinion in *Scott* v. *Smith*, 292 Ark. 174, 728 S.W.2d 515 (1987). In *Scott* the trial court's ruling was that a "letter, a memorandum, and trial notes prepared by the assistant attorney general were exempt from disclosure because they were 'unpublished memoranda, working papers, and correspondence of the Attorney General.' " The trial court further held that state agency records which were in possession of the deputy general counsel of the Human Services Department and the assistant attorney general were subject to public disclosure.

■ On appeal we specifically rejected the argument for reversal that the court erred in holding that the Freedom of Information Act applied to litigation files maintained by attorneys representing states agencies. Refusing to create an exemption or exception to the Freedom of Information Act based upon the attorney-client relationship, we pointed out that the attorney-client privilege was not one of the Act's exceptions. This interpretation was first expressed in *Laman* v. *McCord*, 245 Ark. 401, 432 S.W.2d 753 (1968).

The reasons expressed above denying our holding on the third point applies with equal force to the appellants' fourth argument for reversal.

The fifth argument reverts somewhat to the first argument in that the Freedom of Information Act does not apply to the appellee because it is not a "citizen." Sections of the Act refer to "citizens" as being entitled to information of the public officials and employees. But, the Act itself states that "electors" shall be entitled to know what is going on in the government and this Act is adopted to make it possible for them, or *their representatives*, to learn and report fully the activities of their public officials. Another part of the Act states that "anyone" who requests the information shall be entitled to it.

■ This issue was discussed in the case of *Arkansas Gazette Co. et al.* v. *Pickens, et al.*, 258 Ark. 69, 522 S.W.2d 350 (1975). The argument was that the newspaper reporter requesting the information may have been a resident but she was not a citizen. In disposing of the argument this court referred to the Declaratory Judgment Act (Ark. Stat. Ann. § 34-2512 (Repl. 1962)) which provided that the word "person" shall also include a corporation of any character whatsoever. Without delving into the distinction between resident and citizen, this court ended up stating that the Act clearly holds that anyone who requests the information is entitled to it. This court also announced that statutes enacted for public benefit should be interpreted most favorably to the public. Obviously, a representative of the appellee is entitled to receive any information that any other person would be entitled to receive pursuant to the Act. The overall intent of the Act seems clearly to include a corporation doing business in this state as being a party entitled to informa-

tion pursuant to the Act.

■ The sixth argument is that such information is protected by the ninth exception which would "give advantage to a competitor." It is quite clear that the appellee is not a competitor with the appellants in building state highways. This exclusion is clearly intended to prevent competitors from obtaining information about others seeking the same type of work or furnishing material to the state. This exemption has no application to the present factual situation.

■ The seventh and final argument is that the Freedom of Information Act is unconstitutional. This argument is based upon the allegation that since only citizens of the state are granted a right pursuant to the Act, it would be discriminatory against noncitizens. The appellants do not have standing to contest this issue. *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W.2d 21 (1980).

In keeping with our liberal construction of the Freedom of Information Act, we find that the trial court acted properly and the judgment should be affirmed because the documents requested by the appellee do not come within any exceptions.