Mr. Edwin Waddell State Forester Arkansas Forestry Commission P.O. Box 4523 Little Rock, AR 72214
Dear Mr. Waddell:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA") which is codified at A.C.A. 25-19-101, et seq. Specifically, you wish to know if records generated through a Forestry Commission Conservation Reserve Program are subject to the disclosure provisions of the Arkansas FOIA.
It is my opinion that the answer to this question is yes.
In reaching this conclusion, I have considered the applicability of both the state and federal Freedom of Information Acts.
As you know, the Conservation Reserve Program (CRP) is a federally funded program which is administered in part by the various states. Since the CRP is a federally created program, the applicability of the federal Freedom of Information Act, codified at 5 U.S.C. § 552, to the records of the assisting state agency must be addressed. It must be noted in this regard that federal courts have refused to apply the federal FOIA to states, stating that the statutory definition of agency does not encompass state entities. St. Michael's Convalescent v. State of California, 643 F.2d 1369 (9th Cir. 1981). It should also be noted that the Act creating the CRP does not include a specific confidentiality clause.
It must therefore be determined whether the records in question are subject to the state FOIA.
A.C.A. 25-19-103(1) defines a public record as follows:
 All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
The documents in question clearly fit within the definition of a public record. As such, the records are subject to inspection and copying by members of the public unless specifically exempted from release by the provisions of A.C.A. 25-19-105. Among the exemptions from disclosure is a prohibition with respect to the release of files which would give advantage to competitors or bidders.
You state in your request that the records in question contain information pertaining to individual landowners and their farming operations. You also state that the request for information in this instance comes from the Assessment Coordination Division of the Arkansas Public Service Commission.
In interpreting the competitive advantage exemption, the Arkansas Supreme Court has state[d] that the exclusion is clearly intended to prevent competitors from obtaining information about others seeking the same type of work or furnishing material to the state. Arkansas Highway and Transportation Department v. Hope Brick Works, Inc., 294 Ark. 490 (1988). Unless it can be stated that a competitive advantage would be created in this instance by virtue of the release of the information to the Assessment Coordination Division, it must be concluded that this exemption does not apply. Such a showing of competitive advantage would appear to be unlikely.
It may be concluded from the foregoing that the records created and maintained by the Forestry Commission as part of a CRP are subject to the provisions of the Arkansas Freedom of Information Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.