Mr. James Carloss 3313 J.E. Davis Drive Little Rock, Arkansas 72209
Dear Mr. Carloss:
This is in response to your request for an opinion regarding a request made for disclosure of information contained in your personnel file maintained by the City of Little Rock, Department of Public Works.[1]
You state that you consider the release of this information to be an invasion of your privacy and request that the information not be released. You have not stated whether the custodian of the records at the Department of Public Works has made a decision regarding whether particular documents in your personnel file are disclosable or exempt from disclosure. It should be noted that it is the custodian's specific responsibility under the "Arkansas Freedom of Information Act," ("FOIA"), codified at A.C.A. §25-19-101 et seq., to determine whether these records are exempt from disclosure, (A.C.A. § 25-19-105(c)(3)(A)), subject of course, to our review. A.C.A. § 25-19-105 (c)(3)(B).
Arkansas Code of 1987 Annotated § 25-19-105(b)(10) (Adv. Code Serv. 1990-91) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Exempt information should be deleted to the extent possible, and the remainder of the record made available for inspection and copying.
While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See, Opinion No. 87-115, a copy of which is enclosed. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail or if it involves private facts. Watkins, Access to Public RecordsUnder the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
The following specific information has been exempted through interpretation: personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense,611 F.2d 738 (9th Cir. 1979); citizenship, United State Departmentof State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force,660 F.2d 369 (5th Cir. 1981); information about family life, ProvidenceJournal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
Other records, however, whether or not contained in a personnel file, such as medical, scholastic, adoption or tax information, are exempted by other specific exemptions in the FOIA. See
A.C.A. § 25-19-105(b) (Adv. Code Serv. 1990-91).
Whether your personnel file contains information that would constitute a clearly unwarranted invasion of personal privacy is an issue that can only be resolved following a review of the actual documents in question. While we are therefore unable to provide a definitive answer to your question, the above referenced cases should offer sufficient guidance in determining the types of data exempt from public disclosure.
It should also be noted that information contained in your personnel file may qualify for exemption as employee evaluation of job performance records. Such information is exempt from public disclosure only until such time that they form the basis for the dismissal or suspension of an employee who has exhausted his administrative appeals and if compelling public interest warrants disclosure. A.C.A. § 25-19-105(c)(1) (Adv. Code Serv. 1990-91).
On the facts stated, it is impossible to determine whether you have exhausted your administrative remedies or indeed, whether any personnel action has been taken against you. If so, the existence of a compelling public interest must be found prior to the release of "job performance and evaluation" records. Such a determination must be made on a case-by-case basis. The legislative intent of the Freedom of Information Act, however, favors public disclosure. Laman v. McCord, 245 Ark. 401,432 S.W.2d 753 (1968). The courts, as well as the legislature, have recognized the public's compelling interest in knowing the affairs of its public officials and the regulations by which they perform their duties. If that trust is breached, the public has a right to know. Arkansas State Police Commission v. Davidson,253 Ark. 1090, 490 S.W.2d 788 (1973); Commercial Printing Co. v.Rush, 261 Ark. 468, 549 S.W.2d 790 (1977); Core v. UnitedStates Postal Service, 730 F.2d 946 (4th Cir. 1984); ColumbiaPacking Company, Inc. v. Department of Agriculture, 563 F.2d 495
(1st Cir. 1977).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We assume, but cannot ascertain from the information provided, that the requestors of the information are "citizens" of Arkansas. Otherwise, they are not entitled to avail themselves of the Arkansas Freedom of Information Act. A.C.A. §25-19-105(a). The word "citizen" includes, however, foreign corporations doing business in the state. Arkansas Highway Transportation Department v. Hope Brick Works, 294 Ark. 490,744 S.W.2d 711 (1988).