The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116
Dear Representative Vess:
This is in response to your request for an opinion regarding the so-called "competitive advantage" exemption of the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §25-19-105(b)(9)(A) (Supp. 1995).[1] You note that Pulaski County is in the process of selecting several professionals through a request for qualifications process in connection with the River Arena Project. You state further that various agencies have submitted proposals for construction management services and architectural services. Your specific question focuses on the releaseability of these proposals prior to the completion of all interviews with the Arena Board. You have asked whether the documents are exempt until after all prospective contractors have completed their interviews with the Board.
It should be initially noted that the competitive advantage exemption ordinarily requires review on a case-by-case basis, with the one seeking the exemption bearing the burden of showing competitive harm. Seegenerally Gannett River States Publishing Co. v. Arkansas IndustrialDevelopment Commission, 303 Ark. 684, 799 S.W.2d 543 (1990). This office has previously opined in this regard that there must be a showing of actual competition and a likelihood of substantial competitive injury as a result of disclosure. See, e.g., Op. Att'y Gen. 95-108. A per se
determination that the exemption covers all records furnished by a business entity or all records of a particular type is generally impermissible. See Op. Att'y Gen. 91-390.
With regard to the records in question in this instance, therefore, the issue turns on whether release of the proposals prior to the completion of all interviews is likely to give a substantial advantage to competitors. It is my opinion that this will require a factual determination, following a review of the particular circumstances surrounding the application and selection process. The Arkansas Supreme Court has stated that § 25-19-105(b)(9)(A) "is clearly intended to prevent competitors from obtaining information about others seeking the same type of work or furnishing material to the state." Arkansas Highwayand Transp. Dep't v. Hope Brick Works, Inc., 294 Ark. 490, 496,744 S.W.2d 711 (1988). Clearly, in this instance, competitors would be obtaining information about one another. The question remains, however, whether under the particular circumstances there is a likelihood of substantial competitive injury as a result of disclosure. If, for instance, each competitor has equal access to the proposals in advance of the interviews, the likelihood of competitive injury may be seriously questioned. But the specific facts surrounding the interview process would, I believe, also need to be considered in assessing the likelihood of competitive injury. Practical considerations may come into play in determining whether one interviewee could, in fact, gain a competitive advantage over another as a result of disclosing the proposals. Although FOIA exemptions are to be narrowly construed (see generally Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992)), we also know that common sense cannot be ignored when applying an exemption. See Bryant v. Mars,309 Ark. 480, 485, 830 S.W.2d 869 (1992).
It thus becomes apparent, as noted above, that a determination in this instance regarding competitive advantage ultimately presents a factual question that cannot be resolved in an Attorney General opinion. The responsibility of review in this regard falls on the custodian of the records, who must in turn rely upon information supplied by the one seeking the exemption who bears the burden of showing competitive harm.See Gannett River States Publishing Co., supra. Although I cannot provide a conclusive answer, the above is intended to offer general guidance in addressing the issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Subsection (b)(9)(A) exempts from public inspection and copying "[f]iles which, if disclosed, would give advantage to competitors or bidders[.]"