The Honorable Fletcher Long, Jr. Prosecuting Attorney First Judicial District Post Office Box 989 Forrest City, Arkansas 72336
Dear Mr. Long:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1996). Your letter states that your questions concern the Board of Trustees of East Arkansas Community College. Specifically, you have requested an opinion regarding the following three questions:
 1. May local counsel for the board participate in or be present during an executive session?
 2. During executive session, may the board hear comment or proof from persons other than the top administrator, the immediate supervisor, or the employee involved?
 3. Do the top administrator, immediate supervisor, or the involved employee have the right to be present during executive session, and does the presence of one affect the presence of the other?
It is my understanding that you are concerned with an executive session held to consider personnel matters regarding a particular employee. In my opinion, local counsel may not be present during an executive session. It is also my opinion that the board cannot elicit information during the executive session from anyone other than the person holding the agency's top administrative position, the employee who is involved, and the immediate supervisor of the employee. Finally, it is my opinion that none of the three persons identified have the right to be present during the executive session.
It is clear that the Board of Trustees of East Arkansas Community College is subject to the "open meetings" provision of the FOIA. See A.C.A. §25-19-106(a) (unless otherwise provided by law, the meetings of the "governing bodies of all . . . boards, bureaus, commissions, or organizations of the State of Arkansas, . . . supported wholly or in part by public funds or expending public funds, shall be public meetings");see also Op. Att'y Gen. No. 94-167 (Board of Trustees of Arkansas State University). Nevertheless, the FOIA permits "executive sessions" for the purpose of addressing personnel matters. A.C.A. § 25-19-106(c)(1). Section25-19-106(c) provides in part:
 (c)(1) Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee.
 (2)(A) Only the person holding the top administrative position in the public agency, department, or office involved, the immediate supervisor of the employee involved; and the employee may be present at the executive session when so requested by the governing body, board, commission, or other public body holding the executive session.
Question 1 — May local counsel for the board participate in or be presentduring an executive session?
It is my opinion that local counsel may not be present during an executive session. The FOIA specifies the individuals who may attend an executive session, and no one, other than those persons listed in A.C.A. § 25-19-106 (c)(2), may meet in executive session with members of the governing body. Executive sessions held to consider personnel matters regarding a particular employee may be attended by the board members, the person holding the agency's top administrative position, the employee who is involved, and the immediate supervisor of the employee who is involved. A.C.A. § 25-19-106(c)(2)(A). The Arkansas Supreme Court has concluded that the attorney-client privilege does not constitute an exception to the open meeting requirement of the FOIA, and the governing body may not consult with its attorney in an executive session. Ark.Hwy. Trans. Dept. v. Hope Brick Works, Inc., 294 Ark. 490,744 S.W.2d 711 (1988); Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). This office has opined that meetings with legal counsel, even for the purpose of discussing ongoing or pending litigation, are not exempted from the public meeting requirements of the FOIA. See Op. Att'y Gen. Nos.87-420 and 95-360.
Question 2 — During executive session, may the board hear comment orproof from persons other than the top administrator, the immediatesupervisor, or the employee involved?
In my opinion, the board cannot elicit information during an executive session from anyone other than the person holding the agency's top administrative position, the employee who is involved, and the immediate supervisor of the employee who is involved. As discussed in my response to Question 1, it is clear that no one other than these three people may even attend the executive session.
Executive sessions may be held only for the "purpose of considering
employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee." (Emphasis supplied.) The Arkansas Supreme Court has concluded that the provision regarding personnel matters is not broad enough to permit an executive session for the purpose of conducting an evidentiary hearing. Ark. State PoliceCommission v. Davidson, 253 Ark. 1090, 490 S.W.2d 788 (1973); Baxter Co.Newspapers v. Medical Staff of Baxter General Hospital, 273 Ark. 511,622 S.W.2d 495 (1981); see also J. Watkins, The Arkansas Freedom ofInformation Act 242 (2nd ed. 1994). With regard to a statutory evidentiary hearing, the court concluded that, after the hearing of testimony, the governing body may retire into executive session "only for the purpose of discussing or considering" among themselves the decision they should reach. Davidson, supra.
According to your letter, you are also concerned with whether Davidson in fact prohibits the person holding the top administrative position, the employee involved, and the immediate supervisor of the employee from speaking during an executive session. It must be emphasized that the decision in Davidson concerned a statutory evidentiary hearing. Also, the court has stated that it is not the bare decision whether or not to discipline an employee that the executive session provision allows to be made in privacy, but rather the "discussion or consideration" of particular acts or omissions of the employee whose conduct has been called into question. Commercial Printing Co. v. Rush, 261 Ark. 468,549 S.W.2d 790 (1977). In Commercial Printing, the court recognized that the presence of certain agents of the Board of Corrections at an executive session held in October 1975 was at that time a violation of the FOIA. The court noted that the board sought the assistance of the agents in its effort to determine whether certain lower echelon employees of the Department of Correction should be disciplined. The court further noted that the General Assembly amended the FOIA during a special session in 1976 to allow the presence of certain persons during an executive session.[1] The FOIA was amended to permit the following persons to attend an executive session at the request of the governing body: "the person holding the top administrative position in the public agency, department or office involved; the immediate supervisor of the employee involved; and the employee." Act 1201 of 1975 (Extended Sess., 1976). As Professor Watkins has stated, allowing the attendance of these persons would serve little purpose if members of the governing body could only deliberate in a closed session and not elicit information from these persons.[2] Watkins, supra at 246. Consequently, it is my opinion that the board may elicit information from those persons permitted to attend the executive session.
Question 3 — Do the top administrator, immediate supervisor, or theinvolved employee have the right to be present during executive session,and does the presence of one affect the presence of the other?
In my opinion, no one other than the board members has the right to be present during an executive session. The board, at its discretion, mayrequest that the person holding the top administrative position, the employee who is involved, and the immediate supervisor of the employee be present at the executive session. A.C.A. § 25-19-106(c)(2)(A); Watkins,supra at 240 246. In an opinion issued in 1981, my predecessor concluded that a governing body could meet in executive session with all three of the persons specified or with any of the three that the governing body chooses. See Op. Atty. Gen. No. 81-213. Because no one other than the board members has the right to attend the executive session, I am in general agreement with my predecessor's conclusion that under the FOIA the governing body need not request that all three be present.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Professor Watkins concludes that the 1976 amendment was apparently a legislative response to the trial court's decision in CommercialPrinting, which the Supreme Court subsequently affirmed. Watkins, supra
at 269, n. 70.
[2] Professor Watkins comments that the 1976 amendment also provided that executive sessions were permissible "only for the purpose of considering" personnel matters rather than for the purpose of "discussing or considering" personnel matters. Watkins, supra at 245. Watkins suggests that it could be argued that the 1976 amendment effectively overrules Commercial Printing and limits an executive session under the personnel exemption to deliberations among members of the governing body.Id. Again, the attendance of the persons specified by statute would serve little purpose if members of the governing body could not elicit information. It should also be noted that the 1976 amendment permits any person being interviewed for the top administrative position to be present during the executive session. It seems somewhat absurd to conclude that the governing body is prohibited from eliciting information from the person being "interviewed" for the top administrative position.