Mr. Hugh Durham, Director Arkansas Game Fish Commission 2 Natural Resources Drive Little Rock, AR 72205
Dear Mr. Durham:
I am writing in response to your request for an opinion on the following question:
 Must the Arkansas Game and Fish Commission disclose for public inspection and copying, pursuant to the Arkansas Freedom of Information Act, correspondence, unpublished memoranda, and working papers pertaining to a pending lawsuit where, in the opinion of the Commission, such disclosure would unduly interfere with the ability of the Commission to perform its duties?
You indicate that the documents in question are included in active legal files currently maintained by the Commission's General Counsel for the specific purpose of defending a quiet title lawsuit, and that they are not otherwise available through discovery in that action.
RESPONSE
It is my opinion that the answer to this question is in all likelihood "yes," because there is no exemption for the Commission under the Arkansas Freedom of Information Act ("FOIA") for attorney work product or for records that would be covered by the attorney-client privilege.
It must be initially noted in addressing your question that the exemption under the FOIA for "[u]npublished memoranda, working papers, and correspondence" (A.C.A. § 25-19-105(b)(7)), does not apply to the Arkansas Game and Fish Commission (hereinafter "Commission").[1] This so-called "working papers" exemption only extends to the named officials and their staffs and consultants. See Bryant v. Mars, 309 Ark. 480,830 S.W.2d 869 (1992), Arkansas Highway Transportation Department v. HopeBrick Works, Inc., 294 Ark. 490, 744 S.W.2d 711 (1988), and LegislativeJoint Auditing Committee v. Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987).
The Arkansas Supreme Court is not among those state courts that have recognized a common law privilege protecting the "deliberative processes" of government. See generally City of Colorado Springs v. White,967 P.2d 1042 (Colo. 1998). This so-called "deliberative process privilege" is a common law evidentiary privilege that covers documents" reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." NLRBv. Sears, Roebuck Co., 421 U.S. 132, 150 (1975). The federal FOIA incorporates this privilege. See 5 U.S.C. § 552(b)(5) and Sears, supra.
There is, however, no similar provision in the Arkansas FOIA that would protect agency decisionmaking. While the "working papers" exemption "promotes and encourages free exchange of thought in each of the three branches of government[,]" (McCambridge v. City of Little Rock,298 Ark. 219, 228, 766 S.W.2d 909 (1989)), the exemption is clearly limited to the named officials. Accord Edmark and Hope Brick Works, Inc.,supra.
Clearly, therefore, the FOIA "working papers" exemption does not apply to records of attorneys for state agencies. Hope Brick, supra. In this regard, the Arkansas Supreme Court has specifically rejected the argument that the attorney-client privilege and the work product doctrine, as set out in Rule 502 of the Arkansas Rules of Evidence and Rule 26 (b)(3) of the Arkansas Rules of Civil Procedure, provide an exception to the FOIA.See City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990);McCambridge v. City of Little Rock, 298 Ark. 219, 225, 766 S.W.2d 909
(1989); Hope Brick, supra; Scott v. Smith, 292 Ark. 174, 728 S.W.2d 515
(1987); Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). The consequence of these rulings with respect to government attorneys' files has been summarized in relevant part as follows:
 [T]he working papers of other government attorneys [other than the Attorney General's Office] do not qualify for the exemption [under A.C.A. § 25-19-205(b)(7)] and are thus open for public inspection, unless another statute provides to the contrary. Taken together, Hope Brick and Edmark make plain that staff lawyers at state agencies . . . do not fall within subsection (b)(7). Moreover, in Scott v. Smith, . . . the [Arkansas] Supreme Court held that neither the work product doctrine nor the attorney-client privilege exempts records from disclosure under the FOIA. Thus, a government lawyer lives in something of a glass house as far as his work product and client communications are concerned.
The Arkansas Freedom of Information Act, supra at 114.
Although the rulings have not been in the specific context of the Game and Fish Commission, it is my opinion that if faced with the question, the Court would similarly refuse to create an exception for the Commission's legal files. As an initial matter, it seems clear from the cases cited above that the Arkansas Supreme Court views the attorney-client privilege only as a part of the common law, and not derived from the constitution. The Court has recognized that the privilege originated in the common law. See Laman, supra,245 Ark. at 406; see also generally Maxwell v. Freedom of InformationCommission, 260 Conn. 143, 794 A.2d 535 (2002); Hillsborough County AviationAuthority v. Azzarelli Construction Co., 436 So.2d 153 (Fla.App. 1983). And it has refused to create an exception to the FOIA based upon this common law privilege, consistently adhering to this position," giving deference to the public policy decisions of the legislature concerning production of litigation files of attorneys for public officials, employees, or agencies." Edmark, 304 Ark. at 193.
By contrast, courts in some jurisdictions have employed a separation of powers analysis and have implied an attorney-client privilege exception into their open record acts.[2] Ky. Op. Att'y Gen. 97-1 (1997 WL 47140 (Ky. A.G.)); see, e.g., Smith County Education Ass'n v. Anderson,676 S.W.2d 328 (Tenn. 1984). This approach is reflected in the Tennessee case, wherein the court perceived a conflict between the government attorney's ability to communicate freely with his client and thus fulfill his ethical duties as an officer of the court on the one hand, and on the other hand the open meetings statutes, which make those discussions public. 676 S.W.2d at 334. Separation of powers concerns arose from a conflict between the inherent authority of the judicial branch to regulate the practice of law and the legislature's power to fashion a public disclosure policy. The Tennessee court concluded that the legislature "is without authority to enact laws which impair the attorney's ability to fulfill his ethical duties as an officer of the court." Id.
Our Court has not taken this view. Arkansas may be in the minority (seeSmith County Educ. Ass'n, supra), but I do not foresee our Court altering its position that the decision whether to create an FOIA exemption for the attorney-client privilege is a "[p]olicy decision . . . peculiarly within the province of the legislative branch of the government." Scottv. Smith, supra, 292 Ark. at 176. This ruling applies equally, in my opinion, to the Commission's General Counsel and other public agency lawyers (other than the Attorney General).[3] The same ethical concerns exist, and thus the same potential tension between the judicial and legislative branches. Accordingly, it is my opinion that the Court would similarly refuse to create an FOIA exemption for the work product of the Commission's General Counsel or for documents that would otherwise be privileged in court proceedings.
I have also considered in this regard the Commission's "constitutional status" and its role as "the repository of certain powers enumerated in Amendment 35 to the Arkansas Constitution. . . ." Arkansas Game and FishCommission v. Stanley, 260 Ark. 176, 178, 538 S.W.2d 533 (1976). In my opinion, this independent constitutional status does not compel the shielding of the Commission's legal files. There is nothing on the face of Amendment 35 to the Arkansas Constitution suggesting that the voters intended to shield from public view those documents that would normally be privileged in a court proceeding, i.e., inadmissible or unavailable to an opposing party, based upon the attorney-client relationship.[4] Nor is it facially apparent that public disclosure of documents that would otherwise be protected in court proceedings generally interferes with the Commission's powers. The Commission has no inherent right or power to confer in private with its General Counsel or to shield its attorney work product from public disclosure. In the absence of any clear power of the Commission to keep its internal communications and documents confidential, I conclude that the FOIA does not encroach upon inherent executive powers so as to violate the separation of powers doctrine. See
n. 2, supra, and generally Chaffin v. Arkansas Game and Fish Commission,296 Ark. 431, 757 S.W.2d 950 (1988) (regarding legislative intrusion on executive powers of the Commission).
Finally, even if the legal files involve a matter that implicates a power or duty vested in the Commission under Amendment 35,[5] I have found no authority for the proposition that the compelled disclosure of the files will be unconstitutional. Understandably, disclosure might make it more difficult to prevail in the litigation. In my opinion, however, this does not equate to an unconstitutional interference with the Commission's Amendment 35 powers. We know as a general matter that the "enhanced risk" of losing a trial does not constitute an exemption under the FOIA.Edmark, 304 Ark. at 191. And I find nothing in Amendment 35 that might persuade the Court to depart from this general rule. Being hampered in a legal proceeding is simply not tantamount, in my opinion, to the legislature taking away any authority of the Commission or substituting its judgment for that of the Commission so as to contravene Amendment 35. Compare Op. Att'y Gen. 2000-150 opining that the rulemaking requirements in the Arkansas Administrative Procedures Act cannot constitutionally apply to the Commission); and Ops. 91-020 and 89-098 (opining, respectively, that the Commission cannot be made subject to the Arkansas Purchasing Law or the General Accounting and Budgetary Procedures Law). Accordingly, notwithstanding the fact that the particular litigation involves the Commission defending its title to lands that it has acquired pursuant to its Amendment 35 powers (see n. 5,supra), I foresee the Court adhering to its statement in Edmark that "[t]he public has a right to know about public business, even when the disclosure might benefit an adverse litigant." 304 Ark. at 190.
In conclusion, therefore, it is clear that the attorney-client privilege in Arkansas does not extend outside of court proceedings; and in my opinion, an FOIA exemption for the privilege is not constitutionally compelled. Consequently, the unavailability of the Commission's litigation files through discovery in the pending action forms no basis for refusing to make them available for public inspection and copying under the FOIA. Nor has my research yielded any other basis for denying an FOIA request for the Commission's legal files. The files are "maintained in public offices or by public employees within the scope of their employment[,]" and as such are "presumed to be public records." A.C.A. § 25-19-103(5)(A) (Repl. 2002).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] This Code section exempts from public inspection and copying under the FOIA the "[u]npublished memoranda, working papers, and correspondence of the Governor, members of the General Assembly, Supreme Court Justices, Arkansas Court of Appeals Judges, and the Attorney General[.]" A.C.A. § 25-19-105(b)(7) (Repl. 2002).
[2] The separation of powers doctrine, found in Article 4, Sections 1
and 2, of the Arkansas Constitution, prohibits one branch of government (legislative, executive, or judicial) from exercising any powers of another branch.
[3] The "working papers" exemption for the Attorney General (A.C.A. §25-19-105 (b) (7), supra at n. 1), has the effect of exempting from public inspection and copying records of the Attorney General that would fall within the attorney work-product doctrine and the attorney-client privilege. See J. Watkins, The Arkansas Freedom of Information Act 108 (3rd ed. 1998).
[4] Amendment 35 was proposed by initiative petition and approved by the voters in 1944. It vests in the Arkansas Game and Fish Commission the "control, management, restoration, conservation and regulation of birds, fish, game and wildlife resources of the State. . . ."
[5] The records that have prompted your request for my opinion in this instance pertain to a quiet title action that the Commission is defending, thus suggesting that the Commission's power under Amendment 35 to "acquire . . . all property necessary, useful or convenient . . ." is implicated.