Mr. Kurt Knickrehm, Director Arkansas Department of Human Services 329 Donaghey Plaza South P.O. Box 1437 Little Rock, AR 72203-1437
Dear Mr. Knickrehm:
You have requested my opinion concerning a Freedom of Information matter. You state that the Department of Human Services, Division of Medical Services has been asked to disclose the names of the members of the evaluation committee for the Medicaid Management Information Services Request for Proposal. You indicate that the Department is hesitant to disclose the names of the committee members because of the potential for lobbying or exercising of influence by respondents.
Accordingly, you have asked:
 Is this information barred from disclosure under A.C.A. § 25-19-105(b)(9)(A) because it would give an unfair competitive advantage to competitors or bidders?
RESPONSE
It is my opinion that this information is not barred from disclosure under A.C.A. § 25-19-105(b)(9)(A) or any other exemption. The names should therefore be disclosed.
The "competitive advantage" exemption of A.C.A. § 25-19-105(b)(9)(A) states:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (9)(A) Files that if disclosed would give advantage to competitors or bidders[.]
A.C.A. § 25-19-105(b)(9)(A).
The Arkansas Supreme Court has interpreted the above-quoted exemption as having been designed to protect information about competitors and bidders from being disclosed to one another in a way that could harm their ability to compete. In the seminal case in which this exemption was interpreted, Ark. Hwy Trans Dep't v. Hope Brick Works, Inc.,294 Ark. 490, 744 S.W.2d 711 (1988), the court stated: "This exclusion is clearly intended to prevent competitors from obtaining information aboutothers seeking the same type of work or furnishing material to the state."Id. at 496 (emphasis added). The court recently expanded upon that statement by adding: "In that regard, the issue is whether release of the information would result in competitive harm to the person who suppliedit. Arkansas Dep't of Fin. Admin. v. Pharmacy Assocs., 333 Ark. 451,457-58, 970 S.W.2d 217 (1998) (emphasis added). An example of the type of information that is subject to this exemption is that which was at issue in Pharmacy Assocs., supra. In that case, the Department of Finance 
Administration, through its State Employee and Public School Personnel Board, issued a request for proposal for a pharmacy-benefit manager to manage the State Employee and Public School Health Coverage Program. Seven pharmacy-benefit managers responded to the request with bid proposals. The proposals contained financial and other information projecting the degree of savings that the plan would produce, and reflecting data analyses and strategies. Each bidder (except one) marked certain information proprietary. When the contract was awarded, Pharmacy Associates, one of the unsuccessful bidders, requested the proposal that had been submitted by the successful bidder. The Department provided the record, but redacted the information that had been identified by the successful bidder as proprietary. The information included the bidder's data regarding expected formulary rebates; the cost-effectiveness rationale; administrative fees; performance, savings, and service guarantees and penalties; total annual savings; and pharmacy network analyses. This information was held to be exempt from disclosure under the "competitive advantage" exemption.
The information about which you have inquired — the names of the members of the evaluation committee for the Medicaid Management Information Services Request for Proposal — does not constitute the type of information the "competitive advantage" exemption was intended to protect from disclosure. This information is not information about the competitors, supplied by competitors, the disclosure of which would harm the ability of the competitors to compete. These names are not subject to the "competitive advantage" exemption or any other exemption from disclosure.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General