Ms. Linda Stone, Assistant Executive Director Arkansas State Board of Registration for Professional Engineers and Land Surveyors Post Office Box 3750 Little Rock, AR 72203-3750
Dear Ms. Stone:
I am writing in response to your request, made pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the Department of Finance Administration's Office of Personnel Management ("DFA-OPM") to release an electronic copy of the Arkansas Administrative Statewide Information System employee database, with certain information redacted, is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§25-19-101 to-109 (Repl. 2002 and Supp. 2005), as amended by Acts 268 and 998 of 2007. The decision was in response to the following FOIA request:
I hereby request an electronic copy of the Arkansas Administrative Statewide Information System [AASIS] employee database (in either excel spreadsheet or access database) and related documentation containing definitions of data elements in the file. This request is for all electronic fields, including but not limited to Employee name (Last name, first name and middle initial), job title, date of hire/start date, current salary (base, extra and total salary), Pay Basis (HRY, ANN, AJT etc.), birthday, agency name, agency code, agency address/city, home address, work address, office phone, and email.
Letter from Randy Herschaft, Associated Press, to Richard Weiss, Director/Chief Fiscal Officer, DFA (April 23, 2007).[1]
My duty under A.C.A. § 25-19-105(c)(3)(b) is to determine whether the decision of the custodian of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2005). The records' custodian has decided that the following information will be released in response to the above request:
Agency Number;
Agency Name;
Employee First, Middle and Last Name;
Job Title;
Latest Hire Date;
Birth Date;
Current Salary
Pay Basis (Hourly or Annual);
Work Address;
Work City; and
Work Phone.[2]
The custodian has decided not to release the following information:
Social Security Number;
Home Address;
Employee Personnel Number; and
Bonus Information.
RESPONSE
In my opinion, the custodian's decision as to the release of the database with the noted redactions is consistent with the FOIA with two exceptions. In my opinion, the custodian is required to redact the birth date of the employee; and in my opinion the custodian must provide the bonus information. Additionally, the FOIA exemption concerning the identities of undercover officers must be noted.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
"Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
This broad definition clearly would encompass the requested electronic database maintained by DFA-OPM respecting state employees. Accord Op. Att'y Gen. 2004-225 (involving a request for school district employees' e-mail addresses contained in an electronic database). If records fit within the definition of "public records," they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that act or some other pertinent law. See generally Op. Att'y Gen. No. 99-305. In my opinion, the exemption that is primarily relevant in addressing the requested data at issue is the "unwarranted invasion of personal privacy" exemption found in the FOIA at A.C.A. § 25-19-105(b)(12) (Supp. 2005). This provision exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Also relevant to the request is A.C.A. § 25-19-501(b)(13) (Supp. 2005) (exemption for home addresses), and possibly A.C.A. §25-19-105(b)(10) (Supp. 2005) (identity of undercover officers). Regarding the latter exemption, I note that the custodian intends to release employees' names and their agency names, and that taken together, this information could conceivably identify undercover officers contrary to subsection 25-19-105(b)(10), which exempts from disclosure the "identities of law enforcement officers currently working undercover with their agencies and identified in the Arkansas Minimum Standards Office as undercover officers." Id. at (A). I do not know whether this exemption is implicated by the data request at issue, but I will note that exemptions under the FOIA are mandatory and I am informed that the custodian is aware of the exemption.
With regard, generally, to "personnel records," it must be noted that the FOIA does not define this term. Whether a particular record constitutes a "personnel record" within the meaning of the FOIA is a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees. See, e.g., Op. Att'y Gen. 2006-035 (citing opinions defining "personnel records.") The term "employee evaluation or job performance records" is, likewise, undefined by the FOIA. Nor has the phrase been construed judicially. This office has consistently taken the position, however, that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. Id. The record must also have been created for the purpose of evaluating an employee. See, e.g., Op. Att'y Gen. No. 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 4th ed. 2004), at 196.
The state employee database at issue clearly pertains to the affected individual employees as it reflects individual employee information. In my opinion, this electronic information is generally properly classified as a "personnel record," the release of which must be evaluated under the "clearly unwarranted" standard. The only potential exception to this conclusion, in my view, pertains to the requested "bonus information." Upon further review, however, I have concluded that the release of this data is also properly scrutinized under the "personnel records" standard.
With regard to bonuses, I am informed that the record at issue is a report of bonus payments made under A.C.A. § 21-5-1101 (Repl. 2004), which authorizes a "career ladder incentive program" ("CLIP") for classified state employees.[3] The CLIP bonus report includes the employee's agency, salary, and a percentage number reflecting the bonus. In my opinion, this report does not constitute an "employee evaluation or job performance record." I recognize that the report reflects the fact that the employee satisfied some competency-based criteria and received a correlative bonus. But it does not otherwise document the employee's evaluation. Rather, it merely documents action taken on the basis of assessments that are presumably recorded in distinct "employee evaluation or job performance records." In my opinion the CLIP bonus report is properly analyzed using the "clearly unwarranted" standard for disclosure of personnel records.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." This will ordinarily be the case if the public interest is substantial. Id. As stated by the court in Young:
The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section25-19-105(b)[12] requires that the public's right to knowledge of the records be weighed against an individual's right to privacy . . . . Because section 25-19-105(b)[12] allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
Even if the public interest is modest it will usually prevail unless the privacy interest is substantially heightened. See Op. Att'y Gen. Nos.2002-087 and 90-335. Disclosure will also generally be required under this balancing test if the public interest and the privacy interest are both minimal because the balance is tipped in favor of disclosure under the "clearly unwarranted" test. Id. If there is little public interest in the information, however, the privacy interest will prevail if it is not insubstantial. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998). Additionally, given that exemptions from disclosure must be narrowly construed, see, e.g., Orsini v. State, 340 Ark. 665,13 S.W.3d 167 (2000), it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Stilley, supra, 332 Ark. at 313.
With regard to the privacy side of the balancing test, the Arkansas Supreme Court has stated, relying on federal decisions, that there is a substantial privacy interest in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Stilley, supra at 311.
With regard to the public interest side of the balancing test, the court in Stilley also discussed with approval an aspect of the balancing test used in Department of Defense v. FLRA, 510 U.S. 487 (1994), which held that the Court's duty was to weigh the privacy interest of the employees at issue therein against the only relevant public interest in the FOI balancing analysis — the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." Id. at 312 (quoting FLRA at 497.
Having set forth the test that applies in determining whether to release particular personnel records, I will now review the custodian's decision with respect to the particular request at hand.
Agency Number, Agency Name, First Middle and Last Name, Job Title, Latest Hire Date, Birth Date, Current Salary, Pay Basis, (Hourly or Annual), Work Address, Work City, and Work Phone
With the exception of the birth date, the records' custodian has properly decided to release this information, in my opinion. This office has previously opined that the public interest prevails with respect to public employees' names, dates of hire, job titles, salaries and other salary-related records, and work phone numbers. See, e.g., Ops. Att'y Gen. Nos. 2005-194, 2005-114 and 2004-225 (and opinions cited therein). Regarding an employee's work address and work city, I believe the decision to disclose this information is also proper under the balancing test because the public interest in the work location of public employees must be described as substantial and any potential privacy interest does not outweigh it.
On the other hand, this office has previously concluded that a public employee's date of birth is properly redacted from personnel records pursuant to subsection 25-19-105(b)(12). See Ops. Att'y Gen. 2006-225
and 2006-165. As most recently explained in Op. Att'y Gen. 2007-064:
Although earlier opinions of the Attorney General generally upheld the release of birthdates of public employees (see, e.g., Ops. Att'y Gen.2005-004; 2000-306; and 95-080), relatively recent case law from other jurisdictions supports the redaction of this information under similarly-worded exemptions. See, e.g., Data Tree LLC., v Meek,279 Kan. 445, 109 P.2d 1226 (2005) (social security numbers, mother's maiden names and dates of birth were properly redacted from county register of deeds records as "information of a personal nature where the disclosure would constitute an unwarranted invasion of personal privacy"); Scottsdale Unified School District No. 48 of Maricopa County v. KPNX Broadcasting Company, 191 Ariz. 297, 955 P.2d 534 (1998) (teachers' birthdates, even though they might be available from other public sources, are private in nature, and the public interest in disclosure did not outweigh the teachers' privacy interests under the common law balancing test for private information); and Oliva v. United States, 756 F. Supp. 105 (E.D. N.Y. 1991) (release of social security numbers and birthdates of homeowners on mortgage insurance list would be an "unwarranted invasion of personal privacy" under the federal FOIA exemption). The Kansas and Arizona cases stressed the ability of requesters, in an increasingly electronic age, to use birth dates to access additional personal data of individuals. See Data Tree, supra (stating that "[a]n individual's social security number, date of birth, and mother's maiden name are often used as identifiers for financial accounts or for obtaining access to electronic commerce); and Scottsdale Unified School District, supra (upholding the trial court's finding that "birth dates, like social security numbers, are private information and provide significant identifying information allowing access to extensive personal data in a computerized society" and stating that "[l]ike social security numbers, birth dates may be used to gather great amounts of private information about individuals").
It was acknowledged in the foregoing opinion that there may be a legitimate public interest in some instances in the year of birth of particular public employees. Id. at 4. However, it is difficult to discern such an interest on the face of the broad-based request at hand, which seeks access to the Arkansas Administrative Statewide Information System (AASIS) database — a statewide state employee database that includes an array of information. In my opinion, the public interest in disclosure of employees' ages as contained in the AASIS database is at best speculative. There might be some discernible general interest in knowing public employees' ages. But I cannot conclude that any measurable public interest attaches sufficient to override the privacy interest in this instance, where the records to be provided include other identifying information. Our court has made it clear that the privacy balancing test must be undertaken with reference to the particular facts in light of the unique circumstances attending the specific records in question. Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998). With this in mind, it is my conclusion that the custodian's decision with respect to the birth date is not consistent with the FOIA. In my opinion the birth date, including the year of birth, should be redacted from the record prior to the record's release.
Social Security number, Home Address, Employee Personnel Number, Bonus Information
In my opinion, the custodian's decision to redact social security numbers, home addresses, and employee personnel numbers is consistent with the FOIA. With regard to social security numbers, this office has previously opined in numerous opinions that this information is exempt from public disclosure. See Op. Att'y Gen. 2006-165 (and opinions cited therein). Home addresses of state employees are specifically exempted by A.C.A. § 25-19-105 (b)(13) (Supp. 2005) (exempting "home addresses of nonelected state employees . . . contained in employer records, except that the custodian shall verify an employee's city or county of residence or address on record upon request"). Regarding the employee personnel number, it is my understanding that this is the employee identifier in AASIS, and that it provides access to an employee's social security number. The custodian therefore correctly decided that it must be redacted.
In my opinion, however, the custodian's decision to redact bonus information is inconsistent with the FOIA. As explained above, I believe the "career ladder incentive program" or "CLIP" bonus report is a personnel record. Applying the "clearly unwarranted" standard for disclosure of personnel records, I conclude that while an employee might have some privacy interest in this information, any such interest is clearly outweighed by the substantial public interest in any compensation received by a public employee. See, e.g., Op. Att'y Gen.2006-048 (public interest prevails with respect to documents related to any compensation a former employee receives in addition to their regular paycheck).
To summarize the foregoing, in my opinion the custodian's decision to release the employee's agency number, agency name, first, middle and last name, job title, latest hire date, current salary, pay basis, (hourly or annual), work address, work city, and work phone is consistent with the FOIA, although consideration must be given to the exemption pertaining to undercover law enforcement officers. However, the custodian's decision to provide the birth date is contrary to the act, in my opinion. Additionally, the decision to withhold social security numbers, home addresses, and employee personnel numbers is consistent with the FOIA. But in my opinion the custodian must release the bonus information.
As a final matter, please note this opinion does not preclude anyone from pursuing judicial remedies afforded by the FOIA. The custodian's decision is subject to court review under A.C.A. § 25-19-107 (Repl. 2002), which provides for a citizen's appeal to enforce the rights granted by the FOIA. Such an appeal may be made to the Pulaski County Circuit Court or to the circuit court of the residence of the aggrieved party. Id.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] I note that the requester of the records in this instance has an out-of-state address, perhaps suggesting that he cannot avail himself of the FOIA. See A.C.A. § 25-19-105(a)(2)(A) (Supp. 2005) ("A citizen may make a request to the custodian to inspect, copy, or receive copies of public records." (Emphasis added.)) I also note, however, that it appears this person is making the request on behalf of the Associated Press which, according to the records of the Arkansas Secretary of State, is a foreign corporation doing business in the state. The Arkansas Supreme Court has stated that "[t]he overall intent of the [FOIA] seems clearly to include a corporation doing business in this state as being a party entitled to information pursuant to the Act." Arkansas Highway Transportation Department v. Hope Brick Works,294 Ark. 490, 495-96, 744 S.W.2d 711 (1988). The court in Hope Brick Works also made it clear that a representative of such a corporation may obtain records under the act. Id. at 495. It therefore seems clear that the records' custodian has properly received and processed the FOIA request at issue in this instance. See also Op. Att'y Gen. 91-226 at n. 1 (citing Hope Brick Works for the proposition that the word "citizen" in A.C.A. § 25-19-105(a)(2)(A) "includes . . . foreign corporations doing business in the state.")
[2] Although the custodian initially informed employees that work phone numbers would not be released, it is my understanding that the custodian in fact decided to release this information, to the extent it is included in the requested database. I am further informed by the custodian of the records that there are no work e-mails in the database. Thus, while employees were initially told that work e-mails would not be released, it is my understanding that there in fact are no records responsive to the request in that regard. I will nevertheless note as an aside that this office has previously opined that a public employee's work phone number and work e-mail address generally must be released. See Ark. Ops. Att'y Gen. Nos. 2005-114 and 2004-225.
[3] The term "career ladder incentive program" is defined as "a competency-based pay system which incorporates pay and performance standards and establishes criteria for competency-based promotions and salary adjustments for employees who exhibit effective performance and support the key agency or institution's goals and objectives." A.C.A. § 21-5-1101(b)(1). Bonus payments under the statute are determined as follows:At the end of each fiscal year, the Chief Fiscal Officer of the State shall determine the percentage amount not to exceed eight percent (8%) for bonus payments that may be awarded to employees who satisfy competency-based criteria developed by agencies and institutions and approved by the Office of Personnel Management of the Division of Management Services of the Department of Finance and Administration after review by the Legislative Council.A.C.A. § 21-5-1101(c).